## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Innocoll Holdings Public Limited Company Securities Litigation<br><br>CLASS ACTION<br><br><br>This Document Relates To:<br>All Actions | C.A. No. 2:17-cv-00341-GEKP<br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND COMPENSATORY AWARDS TO LEAD PLAINTIFFS**

Lead Plaintiffs Russel Bleiler and Carl Bayney ("Plaintiffs"), on behalf of themselves and the Settlement Class, submit this reply memorandum of law in further support of their motions: (1) for final approval of the class action and plan of allocation; and (2) for an award of attorneys' fees, reimbursement of litigation expenses, and compensatory award to lead plaintiffs. Plaintiffs also submit the Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the CAFA Notice; (B) Mailing of the Postcard Notice; (C) Report on Requests for Exclusion and Objections; and (D) Claim Form Filing Status, dated June 28, 2022 ("Supp. Bravata Decl."), filed herewith as Exhibit A, in support of their motions. Unless otherwise indicated, all capitalized terms not otherwise defined herein are defined in the Stipulation of Settlement ("Stipulation") filed on November 24, 2021 (ECF No. 121-2).

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested awards to Plaintiffs, or to opt out of the Settlement Class, was June 15, 2022. To date, not one objection has been filed (timely or otherwise) and there have been no requests for exclusion. Supp. Bravata Decl. ¶¶7-8.

The reaction of Class Members strongly supports approval of the Settlement and requested attorneys' fees, expenses, and award to Plaintiffs. The Court should enter the [Proposed] Order and Final Judgment, filed herewith.

## I.    THE LACK OF OBJECTIONS SUPPORTS FINAL APPROVAL

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974) (approving settlement where 20 objectors appeared from group of 14,156 claimants). "Indeed, the favorable reaction of the overwhelming majority of class members

to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005).

Here, the Claims Administrator completed a robust notice program that the Court approved which included mailing and emailing 2,190 letters to Nominee Account Holders and Institutional Groups, mailing 3,540 Postcard Notices to identifiable Settlement Class Members, disseminating Summary Notice electronically over *GlobeNewswire*, and publishing all relevant Settlement documents on the Claims Administrator's website. Supp. Bravata Decl. ¶3-4; Bravata Decl. ¶12 (Dkt. No. 131-1). Additionally, two nominees notified the Claims Administrator that they mailed 92 of their clients the Postcard Notice, and another nominee notified the Claims Administrator that it emailed 833 of its clients to notify them of this settlement and provide a direct link to the Notice and Claim Form on the settlement website. Supp. Bravata Decl. ¶4. No Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the requested awards to Plaintiffs. Supp. Bravata Decl. ¶8.

The lack of any objections also supports awarding the requested attorneys' fees and expenses, the amounts of which were included in the Notice. *See In re Telik, Inc. Sec. Litig.,* 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable."); *see also In re Crazy Eddie Sec. Litig.,* 824 F. Supp. 320, 327 (E.D.N.Y. 1993) (lack of objections to requested fee supported its reasonableness).

## II.    THAT NO SETTLEMENT CLASS MEMBERS OPTED OUT SUPPORTS FINAL APPROVAL

The deadline to opt out of the Settlement was June 15, 2022. To date, no Settlement Class Members have requested exclusion from the Settlement. Supp. Bravata Decl. ¶8. The lack of opt-

outs strongly supports final approval.  *See, e.g., Luxottica*, 233 F.R.D. at 312 (lack of requests for exclusion from settlement "strongly supports approval of the settlement"); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement.").

## III.    CLASS ACTION FAIRNESS ACT ("CAFA") NOTICE

At Defendants' request, the Claims Administrator timely completed the requisite CAFA Notice. Supp. Bravata Decl. ¶2. To date, Defendants have not paid the Claims Administrator's invoice. *Id.*

## IV.    CONCLUSION

For the reasons stated herein and in Plaintiffs' previously filed memoranda, the Court should enter the [Proposed] Order and Final Judgment, filed herewith.

Dated: June 29, 2022                                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Jacob A. Goldberg*
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com

Jonathan Horne (*pro hac vice*)
275 Madison Avenue, 40th floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jhorne@rosenlegal.com

*Lead Counsel for Lead Plaintiffs and the Proposed Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this on June 29, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the Parties registered to the Court's CM/ECF system.

*/s/ Jacob A. Goldberg*
Jacob A. Goldberg